# CURRENT COURT OF APPEALS CASES--Continued

## No. 683
## CLEVELAND RAILWAY CO. v. McCARTNEY
Ohio Appeals, 8th District, Cuyahoga County.
No. 4536. Decided June 29, 1923

**166. ERROR.**

Error for court to charge on contributory negligence when not in issue.

SAYRE, J.

Epitomized Opinion

This is an action brought by McCartney against the Cleveland Railway Company for personal injuries. The petition alleged that the defendant operated its car at a dangerous rate of speed and failed to give any signal of its approach. To this the defendant filed a general denial. The plaintiff introduced evidence tending to show that it was snowing at the time of the accident and that she was a guest in an automobile, sitting in the rear seat of same when the collision occurred. Evidence was also offered tending to show that the street car was travelling at an excessive rate of speed and that no signal was given. Defendant offered evidence in flat contradiction. No issue of contributory negligence was made. The trial resulted in a verdict for the plaintiff, whereupon defendant prosecuted error, claiming that the charge of the court was erroneous in that it violated the rule established by 73 OS. 1 and 75 OS. 171. In reversing the judgment of the trial court, the Court of Appeals held:

1. Where no issue of contributory negligence is made by the pleadings, and in which, on the trial, the defense is wholly that the defendant was not guilty of negligence, it is prejudicial error to charge the jury at length on the question of contributory negligence.

## No. 684
## CLEVELAND RAILWAY CO. v. CASTELLA
Ohio Appeals, 8th District, Cuyahoga County
No. 4519. Decided June 25, 1923

**166. ERROR.**

Reviewing court will not consider weight of evidence—Facts showing that jury was justified in finding that injuries were due to accident.

VICKERY, P. J.

Epitomized Opinion

This is an action brought by Frances Castella against the Cleveland Railway Company for personal injuries. The plaintiff claimed that she suffered a severe fall from the sudden and unusual jerk of a street car after she had just boarded it and while standing in the vestibule of the same. She was assisted from the car by the conductor and taken to a hospital. At this time she was bleeding from her mouth and subsequently had a miscarriage. The case was tried before the court, which rendered a judgment for $750. The Cleveland Railway Co. prosecuted error. In sustaining the judgment, the Court of Appeals held:

1. That although the evidence concerning the nature of the jerk was in conflict, the question of the weight of the evidence is for the jury and not for a reviewing court to consider.

2. The trial court may well find that her injuries were due to the accident.

Judgment affirmed.

Attorneys—Squire, Sanders & Dempsey, for Cleveland Ry. Co.; B. D. Nicola, for Castella.

## No. 685
## WELLEN v. BRANDHORST
Ohio Appeals, 1st District, Hamilton County

**175. EXEMPTIONS.**

In lieu of homestead; allowed as against a receiver. (313).

Hamilton, Cushing and Buchwalter, JJ.

PER CURIAM:

Epitomized Opinion

A petition for a receiver for the assets of B. was filed July 12, 1922, at which time B. was occupying as a homestead certain real estate belonging to his wife. The property was sold and left by B. before the 20th of July. On July 27th the receiver was appointed and took possession of all B.'s assets. Before the sale of the assets B. demanded his exemption of $500 in lieu of homestead. The lower court ordered the receiver to pay B.'s claim. The receiver appealed to this court. Held:

B. is entitled to the exemption since neither he nor his wife was possessed of real estate which was occupied by them as a homestead at the time of the appointment of the receiver. and the taking possession of the assets. Decree accordingly.

Attorneys—Wm. R. Collins, for plaintiff; Connolly & Bradley. for defendants.

## No. 686
## HIGHLAND PARK v. KOHLER
Ohio Appeals, Eighth District, Cuyahoga County
May 28, 1923. No. 4887

**231. LANDLORD AND TENANT.**

Lease, construction of (232A)—Right to build benches to seat public, on ground around a club house.

VICKERY, P. J.

Epitomized Opinion

The City of Cleveland leased to The Highland Park Golf Club Co. a club house and the ground upon which it was located and the necessary approaches thereto in one of the city's parks. The offer to lease was upon specifications which provided that the public was to have the use of the restaurant and the porch of the club house. The chairs placed by the club on the porch bore the notice, "For use of club members only." There being no place for the public to sit down, the mayor built some benches on the outer edge of the porch and on the ground around the club house, for public use. This suit was brought by the club to restrain the city from these acts. The Common Pleas granted the prayer of the petition and enjoined the city from putting seats upon the porch and within a space of fifty feet around the club-house. The city appealed to this court. Held:

Evidence of the specifications were admissible because the provisions therein were an inducement to the city to grant the lease. The right to use the dining-room carried with it the right to use and sit down upon the porch. The injunction from building benches within fifty feet around the club-house was admittedly erroneous. Petition dismissed and injunction dissolved.

SULLIVAN, J., concurs.

LEVINE. J. (dissenting):

The club is not entitled to an injunction from building benches in the yard about the club-house, but is entitled to have the city restrained from building benches on the porch. The city's act in that respect constituted a trespass. If the club violated its agreement to extend to the public the right of the porch, the city should resort to legal remedies instead of the use of force.

Attorneys—Woods, Lang & Eastman, for plaintiff; G. W. Perry, for defendant.